COBB, Chief Judge.
In this case the Florida Department of Environmental Regulation (DER) sought a preliminary injunction against the appel-lees, James and Kathryn McCormick, alleging that they were conducting dredging and filling activities on their property without a permit, and that they were dumping solid wastes (automobile frames, wheels, construction debris, garbage, etc.) in and around a body of water in violation of DER regulations. After an evidentiary hearing, the trial judge denied the injunctive relief requested, except that the appellees were ordered not to include in their solid waste dumping any material that was not exempt under section 403.707, Florida Statutes (1983), without obtaining a permit.
The evidence at the hearing showed that the McCormicks were dumping the solid wastes in and around a water body located on the land. The water body exceeded ten acres, but the testimony was in dispute as to the average annual depth of the water. The trial judge apparently denied the relief requested as to the dredging and filling activities on the basis that DER “failed to demonstrate that the body of water involved contains more than ten acres of water with a maximum depth of two feet existing throughout the year.”
DER’s jurisdiction as to dredging and filling activities is stated in Rule 17-4.28, Florida Administrative Code. Rule 17-4.-28(2)(d) is pertinent to this question:
(2) ... those dredging or filling activities which are to be conducted in, or connected directly or via an excavated water body or series of excavated water bodies to, the following categories of waters of the state to their landward extent ... require permit from the Department prior to being undertaken:

(d) Natural lakes, except those owned entirely by one person and except for lakes that become dry each year and are without standing water together with lakes of no more than ten (10) acres of water area at a maximum average depth of two (2) feet existing throughout the year;

*634 It is clear from the trial judge’s order that he interpreted 17-4.28(2)(d) to mean that in order for DER to have dredge and fill jurisdiction over a water body, that water body must exceed ten acres and be no more than two feet deep. DER claims this is a patently erroneous interpretation of the rule, and we agree.
Under the trial court’s interpretation, DER’s jurisdiction is limited to large, shallow lakes. From the plain meaning of the rule, it is apparent that the drafters of the rule intended to grant DER jurisdiction over waters which are either greater than ten acres or deeper than two feet. The rule exempts from consideration only those lakes which are less than ten acres and less than two feet deep. It is undisputed from the facts below that this water body is greater than ten acres; the dispute below was only as to the depth of the water. The trial court implicitly held that the water was greater than two feet deep. This qualifies the lake as one over which DER may exercise permit jurisdiction. In fact, it was undisputed that the lake is larger than ten acres, and this alone is enough to deny the appellees an exemption under 17-4.28. Clearly, the trial court erred in its interpretation.
As to the disposal of solid wastes on the appellees’ property, DER claims that the appellees violated section 403.708(1), Florida Statutes (1983), in dumping their solid wastes. This statute reads as follows:
(1) No person shall:
(a)Place or deposit any solid waste in or on the land or waters located within the state except in a manner approved by the [DER].... However, nothing in this act shall be construed to prohibit the disposal of solid waste without a permit as provided in s. 403.707(2).
The appellees claim that their disposal of solid wastes falls within section 403.707(2), which reads as follows:
(2) ... no permit under this section is required for the following activities provided no public nuisance or any condition adversely affecting the environment or public health is created and the activity does not violate other state or local laws, ordinances, rules, regulations, or orders:
(a) Disposal by persons of solid wastes resulting from their own activities on their own property....
******
(c) Solid waste disposal area is limited solely to the disposal of construction and demolition debris.
DER contends that not only are the appellees violating section 403.708, they are also violating a DER regulation, namely Rule 17-7.04(3), Florida Administrative Code, which reads as follows:
No solid waste shall be disposed of:
******
(b) In any natural or artificial body of water including ground water.
(c) Within 200 feet of any natural or artificial body of water, except canals used to lower site water tables or bodies of water, contained completely within the site, which do not discharge from the site.
The appellees argue that this rule is not applicable to them, as it refers to “bodies of water,” and the water located on their property does not fall within this definition. The trial court apparently classified the water on the appellee’s land as a “body of water;” nevertheless, it allowed the appel-lees to continue their solid waste disposal activities, with the proviso that they dispose of only exempt material under section 403.707. The trial court makes no mention of the fact that the solid waste disposal activities being carried on within two hundred feet of a body of water are in violation of 17-7.04. Indeed, it appears from testimony below that the disposal was actually taking place in the body of water. We hold that the trial court erred in refusing to grant DER a preliminary injunction as to the solid waste disposal activities. Under 17-7.04(3)(b) and (c), these activities must cease.
*635 We reverse the trial court’s ruling and remand for issuance of a preliminary injunction in accordance with DER’s request.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.